STATE OF NORTH CAROLINA v. FRANK HASKINS, NORMAN MELVIN

No. 7715SC440

(Filed 2 November 1977)

**1. Criminal Law § 66.9— photographic identification procedure**

A photographic identification procedure was not so impermissibly suggestive so as to give rise to a substantial likelihood of irreparable misidentification and did not taint an in-court identification of defendants by the victim of an attempted armed robbery where the victim was shown a total of fifteen color photographs which were all of young black males shown from the waist up and all of the same size; furthermore, the victim had a sufficient opportunity to observe defendants during the crime where he looked at defendants while they were sitting in a car in a well-lighted setting.

**2. Criminal Law § 99.8— court's request for clarifying questions**

In this prosecution for attempted armed robbery, defendants were not prejudiced by the trial judge's request that the prosecutor ask certain clarifying questions.

**3. Criminal Law § 113.9— court's reference to exhibit not in evidence**

Defendants were not prejudiced by the court's reference in the charge to an exhibit which had been used during a *voir dire* hearing but had not been introduced into evidence where the court thereafter instructed the jurors to strike such reference from their minds.

APPEAL by defendants from *Hobgood, Judge.* Judgment entered 7 January 1977, in Superior Court, ORANGE County. Heard in the Court of Appeals 18 October 1977.

Defendants were indicted for attempted armed robbery to which they entered a plea of not guilty. At the trial the State put on evidence tending to show that on the evening of 23 September 1976, defendants, along with Scott Knight, went to Travelers Service Station in Carrboro in a 1975 burgundy Cadillac and that the man sitting in the front passenger seat stuck a shotgun out the driver's window and demanded money from the station attendant. The attendant, Milan Joseph Poole, told them to follow him, and the man in the backseat did. Poole, upon reaching the office, took a three-foot long nightstick and drew back to hit the man following him. The man ran back to the car which then drove away.

The two defendants, Knight, and two women were later stopped in a Cadillac which matched the description Poole had given to the police. The defendants and Knight were arrested and

photographed; they were later identified through a photographic lineup shown to Poole as the men who had attempted to rob him. Scott Knight testified for the State that he was with defendants on the night of 23 September 1976, that he was drunk and had passed out in the rear of the Cadillac, that he was the one who followed Poole into the service station, but that defendant Melvin told him to come back to the car.

The defendants put on no evidence. The jury returned a verdict of guilty of attempted armed robbery and the court sentenced each defendant to a prison term of fifteen years.

*Attorney General Edmisten, by Associate Attorney Jane Rankin Thompson, for the State.*

*Winston, Coleman and Bernholz, by Barry T. Winston, for defendant appellant Haskins.*

*Levine and Stewart, by John T. Stewart, for defendant appellant Melvin.*

ARNOLD, Judge.

[1] During presentation of the State's evidence, witness Poole, who had previously identified the photographs of defendants, was allowed to testify as to the identity of the men who attempted to rob him. Defendants claim that under *Simmons v. United States*, 390 U.S. 377, 19 L.Ed. 2d 1247, 88 S.Ct. 967 (1968), which sets forth the reason for excluding in-court identifications following pretrial photographic identifications, the in-court identification of the two defendants should not have been allowed. We cannot agree. In *State v. Knight*, 282 N.C. 220, 225, 192 S.E. 2d 283, 287 (1972), the North Carolina courts adopted *Simmons*:

> " '[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' "

In the present case, upon objection by defense counsel, the trial court properly ordered a *voir dire* hearing to determine the admissibility of Poole's testimony. During *voir dire*, there was competent evidence that Poole was shown a total of fifteen color

photographs, all of young black males shown from the waist up and all of the same size. Defendants argue that since the pictures of the three defendants had a noticeably different background, the identification procedure was impermissibly suggestive. The defendants, however, having failed on this appeal to submit copies of the photographs, may not now ask this Court to reverse the findings of the trial court on this question.

Defendants' further suggestion that witness Poole did not have a sufficient opportunity to observe the defendants during the criminal act is likewise without merit. There was competent evidence that Poole looked at both defendants in a well-lighted setting. The trial court, therefore, properly concluded that the pretrial photographic procedure was in no way so unnecessarily suggestive as to lead to irreparable mistaken identification.

[2] Defendants also contend that the trial court erred by failing to conduct the trial in an impartial manner, to wit, by assisting the prosecuting attorney during the trial, and by improperly instructing the jury on the facts. We find no merit in these contentions. In the exercise of his duty to supervise and control the course of a trial so as to insure justice for all parties, a trial judge may interrogate a witness for the purpose of clarifying his testimony. *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968), cert. denied *sub nom. Colson v. North Carolina*, 393 U.S. 1087, 21 L.Ed. 2d 780, 89 S.Ct. 876 (1969). We have reviewed the record in the present case and find that the trial judge's request that the prosecutor ask certain clarifying questions was in no way prejudicial to either defendant.

[3] Defendants also argue that the court improperly instructed the jury by making reference to a drawing of a service station, an exhibit which was not in evidence but which had been used during a *voir dire* hearing. The court later corrected itself and asked the jurors to strike from their minds any such reference. In reviewing the whole record, we do not believe that the court's mistaken reference to the existence of an exhibit not in evidence had any bearing on the outcome of this case.

We have considered defendants' other assignments of error and we find

No error.

Chief Judge BROCK and Judge PARKER concur.